# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs November 3, 2015

## STATE OF TENNESSEE v. TERRY LEE ADAMS

### Appeal from the Circuit Court for Dyer County
### No. C98-350     Lee Moore, Judge

_____

### No. W2015-00917-CCA-R3-CD  -  Filed December 15, 2015

_____

The defendant, Terry Lee Adams, filed a motion to correct an illegal sentence, complaining because concurrent, rather than consecutive, sentences were imposed on him in 1996 and 1998. The trial court denied relief, concluding that since he was on probation for the first conviction when the second sentence was imposed, consecutive sentencing was not required. Based upon our review, we affirm the denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TIMOTHY L. EASTER, JJ., joined.

James E. Lanier, District Public Defender; and Sean P. Day, Assistant Public Defender, for the defendant, Terry Lee Adams.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; C. Phillip Bivens, District Attorney General; and Lance E. Webb and Karen W. Burns, Assistant District Attorneys General, for the appellee, State of Tennessee.


## MEMORANDUM OPINION

The facts in this case are simple, as is our concluding that the defendant's claims have no merit. In 1996, he was convicted of sale of cocaine and placed on probation. In 1998, while still within that status, he was charged with aggravated assault, to which he pled guilty, with the second sentence to be served concurrently with the remainder of the first sentence. In 2014, the defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, claiming that since he was on bond when he committed the

second sentence he should have received consecutive sentences. Following a hearing, the trial court determined that the requirement of consecutive sentences does not apply when a defendant already has pled guilty to the first charge and is on probation when he commits the second offense.

Previously, in Gary Jordan v. Howard Carlton, Warden, No. E2006-00206-CCA-R3-HC, 2007 WL 1836847, at *2 (Tenn. Crim. App. June 27, 2007), a case virtually identical to the present appeal, this court ruled that the defendant's claim was without merit:

> [W]e agree with the trial court that the petitioner's bond status for pending probation violations did not render consecutive sentences mandatory because the probation violations did not result in additional convictions, but rather resulted in a revocation of the probation on the aggravated assault sentence and the requirement that the previously imposed three year sentence for aggravated assault to be served in custody. Therefore, the petitioner has failed to show any illegality of the sentences imposed and is not entitled to habeas corpus relief.

Applying this rationale, we conclude, as did the trial court, that the defendant's motion is without merit.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

2